UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER DUFRENE                CIVIL ACTION NO. 08-cv-1603

VERSUS                             JUDGE STAGG

JEREMY WALLACE, ET AL              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Christopher Dufrene ("Plaintiff") sued three corrections officers at the David Wade Correctional Center. He alleges that in August 2008 he was in full restraints when one of the defendants put his arm around Plaintiff's neck, choked him, and sprayed a can of chemical spray into Plaintiff's right eye. Plaintiff alleges that the officer told another inmate that he was going to get inmates to jump on Plaintiff and stab him. Plaintiff seeks monetary compensation and a transfer to another facility.

The court conducted an initial review of the complaint, as amended, and ordered that the three defendants be served. Doc. 11. The defendants were served, and before any answers were due or filed, Plaintiff filed a Motion for Summary Judgment (Doc. 17) that is now before the court. A few days later, the three defendants filed a Motion for Extension of Time to File an Answer, and they were granted an extension until February 22, 2010.

The comments to the recent amendments to Fed. R. Civ. Proc. 56 state that if a motion for summary judgment is filed before a responsive pleading is due, the time for responding to the motion is 21 days after the responsive pleading is due. The court could grant such an

extension, but a review of Plaintiff's motion for summary judgment shows that it should be denied without the need for the defendants to respond.

Plaintiff is a convicted inmate, so his claim of excessive force is governed by the Eighth Amendment. He must establish that the force was not applied in a good faith effort to maintain or restore discipline but was inflicted "maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995 (1992). This standard applies with equal force to claims that prison officials used a chemical agent on an inmate. See Davis v. Cannon, 91 Fed. Appx. 327 (5th Cir. 2004); Baldwin v. Stalder, 137 F.3d 836, 840-41 (5th Cir. 1998).

Plaintiff bears the burden of proving his Eight Amendment claim. To prevail on a motion for summary judgment, he must establish *evidence* that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990).

Plaintiff's motion asserts that the allegations in his initial complaint establish a constitutional violation. He repeats his allegation that he was in full restraints throughout the incident and asserts that it is in the interest of justice to grant him summary judgment. Plaintiff has not submitted any competent evidence to back his complaint. His unsworn motion, which rests solely on the allegations in the complaint, is not sufficient to meet his

heavy burden to be entitled to summary judgment. See  Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 17)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of February, 2010.

                                                         MARK L. HORNSBY
                                         UNITED STATES MAGISTRATE JUDGE