UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER DUFRENE           CIVIL ACTION NO. 08-cv-1603

VERSUS           JUDGE STAGG

JEREMY WALLACE, ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Christopher Dufrene ("Plaintiff") sued three corrections officers at the David Wade Correctional Center. He alleges that in August 2008 he was in full restraints when one of the defendants put his arm around Plaintiff's neck, choked him, and sprayed a can of chemical spray into Plaintiff's right eye. Plaintiff alleges that the officer told another inmate that he was going to get inmates to jump on Plaintiff and stab him. Plaintiff seeks monetary compensation and a transfer to another facility.

The court conducted an initial review of the complaint, as amended, and ordered that the three defendants be served. Doc. 11. The order also set forth a schedule and rules for the litigation. The order included a command that: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any

address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

Plaintiff filed a motion for summary judgment, and a Report and Recommendation issued with a recommendation the motion be denied. Soon afterward, in February 2010, defendants filed an answer and served a copy on Plaintiff at his last reported address, at David Wade Correctional Center. Counsel for defendants reported that the service copy was returned by the post office with a notation that Plaintiff was no longer at that facility. Doc. 23. Judge Stagg entered an order in May 2010 that denied Plaintiff's motion for summary judgment, and the postal service returned the service copy of the order with the same notation. Doc. 26. Plaintiff has filed nothing since then.

The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly;

**IT IS RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE